## AURELIA JONES *vs.* THOMAS M. HOWARD.

In an action to recover for the use and occupation of a house, entries in account books of a deceased agent of the plaintiff, of moneys received by him from the defendant for rent of the house, are competent for the purpose of proving that the defendant occupied the same as the plaintiff's tenant.

The owner of a house is not estopped to maintain an action for rent against an occupant of it by proof that heretofore he brought a writ of entry against the defendant to recover possession of the same, and afterwards became nonsuit therein, although the rent sought to be recovered accrued during the pendency of the former action.

CONTRACT for the use and occupation of a house. At the trial in the superior court, before *Ames*, J., a verdict was returned for the plaintiff, and the defendant alleged exceptions. The facts are stated in the opinion.

. *J. G. Abbott & S. J. Thomas*, for the defendant.

*J. A. Loring*, for the plaintiff.

CHAPMAN, J. The account book of Roberts was properly admitted in evidence. It contained the accounts which he kept in his lifetime, as agent for the heirs of John Harris, deceased, he having the care and management of the estate of the deceased; and it appears by inspection of the book that the credits offered in evidence were made to the plaintiff, who was the sole heir. The entries consisted of debits to himself quarterly during the years 1850, 1851, 1852, and part of 1853, in sums of $50, for money received of Thomas M. Howard as " one quarter's house rent." And the object of the evidence was to prove that the defendant occupied the premises, not adversely to the plaintiff, but by paying rent to her agent.

The admissibility of such entries after the decease of the agent has been long settled, and has become elementary law. They constitute an exception to the general rule which excludes evidence of the acts of third persons. 1 Greenl. Ev. §§ 147, 150. *Welsh* v. *Barrett*, 15 Mass. 380. *Union Bank* v. *Knapp*, 3 Pick. 96.

The ruling was also correct that the plaintiff is not estopped to maintain this action by the fact that she brought a writ of entry against the defendant to recover a portion of the land for which she now demands rent, together with some other land not belonging to her, which action was entered at the November term of this court 1855, and continued to March term 1861, when the plaintiff became nonsuit. While it was in court there was an agreement to refer it, but no reference was ever had. It was held that the facts were admissible in evidence against the plaintiff, but were open to explanation.

No authorities are cited to sustain the position that these facts constitute an estoppel; and there is nothing in their nature which should make them such. An estoppel is that which forbids a party to speak the truth. The truth which the verdict in this case establishes is that the defendant is the plaintiff's tenant, and therefore owes her rent. The defendant's position is, that the plaintiff is estopped to allege this truth, because the plaintiff once brought a writ of entry against the defendant, alleging that the defendant had disseised her. But as the plaintiff

withdrew this allegation by becoming nonsuit, leaving the defendant's rights unaffected, there is no good reason why the plaintiff should not be permitted to show that she or her counsel acted under a mistake or misapprehension in bringing the action, and that the defendant has in fact occupied the premises as her tenant.

It is only in cases where a party has been induced to relinquish some right, or forego some advantage, or has been placed in a worse position, so that justice requires that the act or declaration should be regarded as conclusive, that estoppels of this character are enforced. No such considerations exist here.

*Exceptions overruled*